STATE *v.* C. ROLLAND.

Where in a criminal case the Judge *a quo* refused an application for a new trial, based on the ground of newly discovered testimony and the failure of the Sheriff to summon witnesses, stating that he disbelieved the affidavit of the accused—*Held :* That the refusal to grant a new trial could not on appeal be assigned as error.

An indorsement or memorandum of the Clerk upon the indictment is not properly a part of the record.

APPEAL from the First District Court of New Orleans, *Hunt,* J.
*Vaughn & Thomas,* for appellant.    *M. A. Foute,* District Attorney, for the State.

MERRICK, C. J.    The accused in this case is sentenced to two years imprisonment in the penitentiary.

He appeals, and his counsel assigns as error the refusal of the Judge *a quo* to grant a new trial and a rendition of judgment without reasons.

The application for a new trial was based on the ground of newly discovered testimony and the failure of the Sheriff to summon witnesses.    The District Judge states that he disbelieves the affidavit of the accused.    It is, therefore, clear that no question of law can be predicated upon the refusal of the Judge to grant the new trial.    See *State* v. *Johnson,* 11 An. 422, and cases there cited.

The judgment is as follows :

" And the said *Constantine Rolland* being present at the bar, in the custody of the Sheriff, and being ready to receive the sentence of the law on the verdict of the jury of 26th May, 1858, finding him guilty of embezzlement, and having nothing to offer in arrest of judgment—it is ordered, that in consideration of the above verdict and the 81st section of an Act of the Legislature of the State of Louisiana, entitled An Act relative to crimes and offences, approved 18th March, 1855, that the said *Constantine Rolland* for his offence aforesaid, viz : embezzlement, be sentenced to two years imprisonment at hard labor in the penitentiary, and to pay the costs of this prosecution."

The foregoing judgment does not violate the Constitution, for it is manifest it was not rendered without reasons.

The supposed judgment to which we have been referred by the counsel of the accused is but an indorsement or memorandum of the Clerk upon the indictment. It is properly no part of the record.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.